## HERBST v. NEW YORK CITY RY. CO.

### (Supreme Court, Appellate Term. May 23, 1905.)

STREET RAILROADS—INJURIES TO TRAVELERS—NEGLIGENCE.

Where, in an action for injuries to plaintiff in a collision between a street car and a cab, plaintiff's witnesses testified that the horse backed the cab onto the car tracks, but there was no evidence as to distance of the car from the cab at that time, nor that the cab did not back into the car, or so close to it that the motorman could not stop in time to avoid a collision, the evidence was insufficient to establish the railway company's negligence.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Delia Herbst against the New York City Railway Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

William E. Weaver, for appellant.

Abraham Oberstein, for respondent.

SCOTT, P. J. I do not think that we ought to affirm this judgment. The evidence leaves it much in doubt whether the car hit the cab at all, but, assuming that it did, I cannot find any satisfactory evidence ·that the collision was due to defendant's negligence. Plaintiff's witnesses appear to say that the horse backed the cab onto the car tracks, and no evidence is given showing how far away the car was at the time. For all that appears, the cab may have backed into the car, or so close to it that the motorman could not stop in time to avoid a collision. On the whole case, it cannot be said any negligence on defendant's part was shown. The damages also seem to be large. On the whole, justice would be best satisfied if the case be sent back for a retrial.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event. All concur.